UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| RENATO DEBARTOLO, | ) | |
| | ) | |
| Petitioner | ) | |
| | ) | |
| vs. | ) | CAUSE NO. 3:14-CV-1620 RM |
| | ) | (Arising out of 3:11-CR-28 RM) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent | ) | |

OPINION and ORDER

After pleading guilty to manufacturing more than 100 marijuana plants and being sentenced in April 2012 to twenty-five months in prison and four years of supervised release, Renato DeBartolo learned that his conviction makes his deportation to Italy mandatory. His attorney never discussed the possibility of deportation during the plea negotiations. Now in DHS custody pending deportation, Mr. DeBartolo has moved for relief under 28 U.S.C. § 255, contending he wouldn't have pleaded guilty to a charge requiring deportation but for the ineffective assistance of his counsel. The government doesn't challenge the timeliness of his petition.

The government argues that Mr. DeBartolo waived this claim in his plea agreement. This argument requires the court to align the cart with the horse. A plea agreement's waiver provision is ineffective if the plea agreement resulted from ineffective assistance of counsel. United States v. Smith, 759 F.3d 702, 707 (7th Cir. 2014); United States v. Hurlow, 726 F.3d 958, 964 (7th Cir. 2013). So the

court must resolve the ineffective assistance of counsel claim; if Mr. DeBartolo has made out such a claim, the waiver doesn't bar relief.

Mr. DeBartolo must show both that his attorney's performance fell below an objective standard of reasonableness, and that the deficient performance prejudiced him. Strickland v. Washington, 466 U.S. 668, 688-694 (1984). Mr. DeBartolo's allegation that his attorney never discussed deportation with him is both unrebutted and corroborated by other testimony; the court accepts that allegation as proven. An attorney's performance falls below an objective standard of reasonableness if the attorney doesn't tell a non-citizen client that a guilty plea carries a risk of deportation. Padilla v. Kentucky, 559 U.S. 356, 374 (2010). Some courts have held that the objective standard of reasonableness requires counsel to specifically tell a client when the charge is such that deportation is certain, *see, e.g.*, United States v. Bonilla, 637 F.3d 980, 984 (9th Cir. 2011); Montes-Flores v. United States, Nos. 2:12-cv-225 & 2:11-cr-32, 2013 WL 428024 (S.D. Ind. Feb. 4, 2013), but no such holding is required today. It's enough, for today's purposes, that Mr. DeBartolo's attorney didn't discuss the topic at all. Mr. DeBartolo has satisfied the performance prong of the Strickland test.

Mr. DeBartolo's effort to satisfy the prejudice prong of the Strickland test comes with his allegation that he wouldn't have pleaded guilty had he known it required him to be deported to a country where he knows no one (he came from Italy at the age of one), removing him from his wife, his seven children, his siblings, and his grandchildren. The government disputes that allegation, pointing

to the strength of its case against Mr. DeBartolo: a conviction was certain, as the government sees it, and the sentence most likely would have been longer had Mr. DeBartolo gone to trial.

The government had a very strong case against Mr. DeBartolo. The police obtained a search warrant after the power company reported that $21,000 worth of electricity had been diverted from its wires in less than eight days. The officers found a bypass at an electrical box leading to a building in which more than 200 marijuana plants, in varying stages of maturity and harvest, were being grown. Mr. DeBartolo told the police he had taken the electricity and set up his grow operation about eight months earlier because he needed money; the power company reported that the power loss began nearly two years earlier. Mr. DeBartolo's wife gave a statement confirming what her husband had said, opening herself to possible related criminal charges that, as things turned out, were never filed. Although things changed between the guilty plea and the sentencing, Mr. DeBartolo faced a mandatory five-year sentence. Because Mr. DeBartolo has a prior cocaine dealing conviction, he also faced the possibility of an enhancement under 18 U.S.C. § 851(a) that would double the mandatory minimum sentence to ten years. The government says, without contradiction, that the plea negotiations were the reason no § 851 notice had been filed by the time the plea agreement was filed, exactly one week before trial.

For a citizen defendant, getting any acceptance of responsibility reduction possible through a guilty plea, heading off the § 851(a) enhancement, then taking

what was left of his medicine, would have been an advisable course in the face of such evidence.

But Mr. DeBartolo was a legal resident rather than a citizen defendant, and he stood to lose everything were he deported. His citizenship appears to be his only tie to Italy. According to the presentence report, Mr. DeBartolo was 44 years old when he agreed to plead guilty. His eight siblings (one has since passed away) all lived in the Great Lakes area of the United States, as did all of his children. Mr. DeBartolo had lived in Indiana for 22 years, the last six with his second wife and their three children in a house they rented from Mr. DeBartolo's sister. Whatever family Mr. DeBartolo might still have in Italy is unknown to him. After being brought to the United States at age one, Mr. DeBartolo has never visited Italy; he doesn't speak Italian. Given these stakes and circumstances, a decision to reject the plea bargain and take his chances (slim though they might have been) would not have been irrational, even recognizing that if he were convicted at trial, he might have to serve a ten-year prison sentence before being deported.

As a general rule, a petitioner alleging ineffective assistance of counsel with respect to the entry of a guilty plea shows prejudice by proving that with effective assistance of counsel, he would have gone to trial instead of pleading guilty. *See* Hill v. Lockhart, 474 U.S. 52, 59 (1985); United States v. Parker, 609 F.3d 891, 894 (7th Cir. 2010). Mr. DeBartolo says a different rule applies when counsel's errors relate to deportation as a consequence of the guilty plea: in such cases, he

4

argues, the petitioner need only show that rejecting the plea agreement would have been rational under all the circumstances of the case.

Articulation of the test for prejudice in this case is outcome-determinative with respect to Mr. DeBartolo. There would be nothing irrational about one facing the loss of one's family, country, and way of life to risk a longer prison term (in a facility his family could visit without international travel) on the concededly slim chance of an acquittal. But the test proposed by Mr. DeBartolo isn't the law in this circuit.

In <u>United States v. Orocio</u>, 645 F.3d 630 (3d Cir. 2011), *abrogated on other grounds by* <u>Chaidez v. United States</u>, 133 S. Ct. 1103 (2013), the Third Circuit Court of Appeals appears to have held that the venerable <u>Hill v. Lockhart</u> test had been supplanted with respect to guilty pleas in cases involving deportation, explaining that the <u>Padilla</u> Court had written that "to obtain relief on this type of claim, a petitioner must convince the court that a decision to reject the plea bargain would have been rational under the circumstances." 645 F.3d at 643 (*quoting* <u>Padilla v. Kentucky</u>, 559 U.S. at 372). To the extent <u>Orocio</u> supports the proposition for which Mr. DeBartolo cites it, this court finds it unpersuasive.

First, <u>Orocio</u> doesn't appear to reject the requirement in <u>Hill v. Lockhart</u> that a petitioner must show that he would have gone to trial had counsel not erred. The <u>Orocio</u> court was considering another of its precedents, <u>United States v. Nino</u>, 878 F.2d 101, 105 (3d Cir. 1989), that read <u>Hill v. Lockhart</u> to require a petitioner to show not just that he would have gone to trial, but also that he probably would

5

have been acquitted at trial. The Orocio court cited the "rational choice" language from Padilla simply to show that Nino was no longer an accurate statement of the law.

Second, if Mr. DeBartolo's reading of Orocio is better than the court's, the Orocio decision is unpersuasive because it misinterprets Padilla. The Padilla Court considered whether the Sixth Amendment encompasses quasi-collateral consequences of a criminal proceeding such as deportation, whether the failure to give proper advice concerning deportation is ineffective assistance of counsel, and whether the rule should differ depending on whether the attorney gave "affirmative misadvice," 559 U.S. at 369, or simply failed to tell the defendant what the defendant needed to know. The Court remanded the case with respect to whether the petitioner had shown prejudice and offered no advice or guidance about the prejudice decision.

The Orocio court accurately quoted from Padilla: "Moreover, to obtain relief on this type of claim, a petitioner must convince the court that a decision to reject the plea bargain would have been rational under the circumstances." But that sentence was part of the Court's explanation of its application of the performance prong of the Strickland test, not a reformulation of the prejudice prong through an opinion that avoided guidance on the prejudice prong. For that sentence, the Padilla Court cited Roe v. Flores-Ortega, 528 U.S. 470, 480 (2000), in which the Court considered whether counsel's failure to file an appeal constitutes ineffective assistance of counsel when the client has given no instruction. The Roe Court was

6

in the midst of explaining the significance of whether the conviction came from trial or plea matters when it said:

> Even in cases when the defendant pleads guilty, the court must consider such factors as whether the defendant received the sentence bargained for as part of the plea and whether the plea expressly reserved or waived some or all appeal rights. Only by considering all relevant factors in a given case can a court properly determine whether a rational defendant would have desired an appeal or that the particular defendant sufficiently demonstrated to counsel an interest in an appeal.

528 U.S. 480. Like the Padilla Court, the Roe Court wasn't discussing the prejudice prong when it used the "rational defendant" language. For these reasons, this court can't agree that the Padilla opinion changed the test under the Strickland "prejudice" prong in any way.

Third, even if Mr. DeBartolo has the better reading of Orocio, and the Orocio opinion has the better reading of Padilla, this circuit's court of appeals hasn't moved on from the Hill v. Lockhart requirement that a petitioner show that he would have gone to trial but for counsel's ineffective assistance. *See. e.g.*, United States v. Parker, 609 F.3d 891, 895 (7th Cir. 2010). Our court of appeals has cited Orocio only once, and that in a dissent with respect to retroactivity of rule adopted in Padilla. *See* Chaidez v. United States, 655 F.3d 684, 699 (7th Cir. 2011) (Flaum, J., dissenting).

For these reasons, the court concludes that to satisfy the prejudice prong of the Strickland test, even in a case involving attorney error in advising about deportation as a result of the conviction, a petitioner must show that but for the

7

attorney's error, he probably would have gone to trial rather than pleading guilty. Mr. DeBartolo hasn't carried that burden. Only an acquittal would avoid Mr. DeBartolo's deportation. Even with the minimum five-year sentence that was expected to come from the guilty plea, Mr. DeBartolo would be nearly 50 years old at his release and deportation. To place another five-year chip (the § 851 enhancement) on the table would be to risk prison until nearly age 55, followed by deportation, against a poor chance of evading punishment altogether. Without denigrating Mr. DeBartolo's love for his family and the life he had in the country in which he had lived his life, it is most improbable that a fully informed Mr. DeBartolo would have chosen trial.

Mr. DeBartolo has shown that he received ineffective assistance of counsel and that his decision to plead guilty resulted from that ineffective assistance of counsel. The waiver in his plea agreement doesn't prevent him from challenging his conviction. But Mr. DeBartolo hasn't shown prejudice from the ineffective assistance he received, so the court DENIES Mr. DeBartolo's petition for relief under 28 U.S.C. § 2255. The clerk shall enter judgment accordingly.

SO ORDERED.

ENTERED:   October 23, 2014

/s/ Robert L. Miller, Jr.
Robert L. Miller, Jr., Judge
United States District Court